IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **PRESIDENT MANUEL,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| vs.                      ) | **CIVIL ACTION NO:** |
| ) | |
| ) | |
| **ARAMARK CAMPUS, LLC,** ) | |
| ) | |
| **DEFENDANT.** ) | |

**COMPLAINT**

**I.    JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to § 7(b) of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 626(b), and 28 U.S.C. § 1337 to enforce the provisions of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* The plaintiff requests a trial by jury of all issues triable to a jury.

2. Subject matter jurisdiction is established pursuant to 28 U.S.C. §§1331, 1343, 2201 and 2202. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and/or 42 U.S.C. § 2000e-5.

3. The Plaintiff timely filed his charge of age discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days after the last discriminatory treatment, Exhibit A.  The Plaintiff further filed his lawsuit

1

within 90 days after receipt of his right-to-sue letter issued from the EEOC, Exhibit B. Plaintiff amended his charge of discrimination after his termination to include retaliation, Exhibit C.

## II. PARTIES

4. Plaintiff, President Manuel, born in 1949, is a member of the protected class based on age, and at all relevant times, was a resident of the State of Alabama. At all relevant times, the Plaintiff was employed by Defendant, Aramark Campus, LLC.

5. Defendant, Aramark Campus, LLC, is the entity that employed Plaintiff. At all times relevant to this action, Plaintiff was an employee of Aramark Campus, LLC. Defendant employs at least 100 persons. Aramark Campus, LLC, is engaged in an industry affecting commerce, as defined in § 11(h) of the ADEA, 29 U.S.C. § 630(h) and employs at least 100 persons.

## III. FACTUAL ALLEGATIONS

6. Plaintiff is a sixty-six (66) year old male. Plaintiff had four college degrees during the relevant time period.

7. Plaintiff began working for Aramark Campus, LLC, on site in the Alabama A&M Cafeteria as a dishwasher for $7.63 per hour in March 2011.

8. Plaintiff was interviewed for the job by Timothy Partridge, who became his supervisor. During the interview, Partridge told Plaintiff that because he was educated, he could move up within the company within the year.

9. Plaintiff had prior supervisory experience in food services, including at Grambling State University. Plaintiff was qualified to be a supervisor.

10. Plaintiff was never promoted during his employment with Defendant.

11. Defendant did not post job openings where employees, including Plaintiff, would see them.

12. Plaintiff would become aware of a job opening if a current employee left a position or through the grapevine, but he was never made aware of the openings otherwise.

13. When Plaintiff learned of a supervisory position that was available in the dish room, he approached Felicia Wilson, his supervisor, and asked her for the position. The position was never posted; Plaintiff heard about it through the "grapevine." Wilson told Plaintiff she would get with the other supervisors at both cafeterias concerning Plaintiff becoming a supervisor. Upon information and belief, the other supervisors were supportive of Plaintiff being promoted into the supervisory position. However, Wilson did not promote Plaintiff and the position was filled with a younger employee.

14. Supervisor Timothy Partridge was supportive of Plaintiff's promotion.

15. Upon information and belief, Felicia Wilson made disparaging remarks about Plaintiff based on his age. For instance, she commented that she would never make him a supervisor because he was too old to be a supervisor. She also said he was too old to go to school.

16. On or about August 13, 2013, Demetrius Garrett, a younger male approximately age 25, was hired in as the manager of the Foster cafeteria.

17. Plaintiff heard about a chef position coming available, and Plaintiff expressed his interest in the position to Felicia Wilson. Wilson told Plaintiff she had someone in mind for the position, Russell Goldfinger. In September 2013, Russell Goldfinger, a younger male approximately age 27, was hired in as a supervisor at the West cafeteria.

18. Plaintiff heard about a position as catering manager, and expressed his interest in the position to Felicia Wilson. Wilson again told him that she had someone in mind for the position, David Brent. In January 2014, David Brent, a younger male approximately age 36, was hired in as a supervisor of catering. Upon information and belief, Brent did not have prior supervisory experience.

19. Plaintiff was qualified for each of these positions, but upon information and belief, he was not notified of the available positions and/or was not promoted into the positions because of his age.

20. Plaintiff was off work for a couple of weeks in Spring 2014 due to an injury. When he returned to work, Wilson verbally told him that he did not have a job. She said he was being fired because she had learned he had filed a charge of discrimination with the EEOC for age discrimination.

21. The official reason given for Plaintiff's termination was for allegedly wearing the wrong shoes to work. Upon information and belief, the reason given for his termination was pretextual and in truth, Plaintiff was terminated either because of his age, and/or in retaliation for making a complaint of age discrimination.

## IV. CAUSES OF ACTION

### COUNT ONE
### AGE DISCRIMINATION

22. The plaintiff, President Manuel, re-alleges and incorporates by reference paragraphs 1 through 21 with the same force and effect as if fully set out in specific detail hereinbelow.

23. Plaintiff avers that Defendant's discriminatory denial of job promotion, pretextual discipline, discriminatory comments, termination, and other terms, conditions and privileges of employment, on account of his age, violates the provisions of the Age Discrimination in Employment Act of 1967, as amended, 29

U.S.C. § 621 *et seq.*, justifying an award, *inter alia,* of injunctive relief against the Defendant.

**COUNT TWO**
**RETALIATION**

24. The plaintiff, President Manuel, re-alleges and incorporates by reference paragraphs 1 through 23 with the same force and effect as if fully set out in specific detail hereinbelow.

25. Plaintiff has been retaliated against for engaging in federally-protected activity when he complained about discrimination, failure to promote and disparate pay on the basis of his age with regard to his termination on or about March 2014 in violation of the ADEA.

26. Plaintiff seeks to redress the wrongs alleged herein and this suit for back pay plus damages, interest, an injunctive and declaratory judgment are his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from the defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

27. Said actions on the part of his employer were severe and pervasive and tended to interfere with plaintiff's ability to perform his job.

## V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after a trial:

1. Issue a declaratory judgment that the employment policies, practices, procedure, conditions and customs of the Defendant is volatile of the rights of the Plaintiff as secured by 42 U.S.C.§1981, § 7(b) of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 626(b), and 28 U.S.C. § 1337 to enforce the provisions of the Age Discrimination in Employment Act of 1967, as amended.

2. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate § 7(b) of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 626(b), and 28 U.S.C. § 1337 to enforce the provisions of the Age Discrimination in Employment Act of 1967, as amended.

3. Enter an order requiring the Defendant to make the Plaintiff whole by awarding him the position he would have occupied in the absence of age discrimination, back-pay (plus interest), reinstatement, or in the alternative, front pay, punitive damages, compensatory damages, nominal damages, liquidated damages, declaratory relief, injunctive relief, and benefits.

4. The Plaintiff further prays for such relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

5. Award such other relief as may be just and proper.

                              Respectfully submitted,

                              s/Michael E. Auffenorde
                              Michael E. Auffenorde
                              Attorney for Plaintiff

OF COUNSEL:
MICHAEL E. AUFFENORDE, P.C.
511 Madison Street
Huntsville, Alabama 35801
(256) 533-5383
(256) 533-4833 facsimile
aalaw@bellsouth.net


**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY**

                              s/Michael E. Auffenorde
                              Michael E. Auffenorde

DEFENDANT MAY BE SERVED AT:

ARAMARK CAMPUS, LLC
c/o C T Corporation System
2 N. Jackson St., Ste. 605
Montgomery, AL 36104

PLAINTIFF'S ADDRESS:
President Manuel
c/o Michael E. Auffenorde, P.C.
511 Madison Street
Huntsville, Alabama 35801